UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| PHILLIP GENE VICE,<br><br>    Plaintiff,<br><br>V.<br><br>HIGH SHERIFF RODNEY COFFEE, et al.,<br><br>    Defendants. | Civil Action No. 5: 16-162-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Inmate Phillip Gene Vice is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Vice has filed a civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]   The Court has granted his motion to proceed *in forma pauperis* by separate Order.

In his complaint, Vice contends that officers of the Menifee County Sheriff's Department and the United States Department of Forestry harassed, assaulted, arrested and falsely imprisoned him. Specifically, Vice alleges that on May 25, 2011 he was arrested, handcuffed, and placed in a chair, apparently awaiting transport.  However, Vice's chair broke, sending him falling into an embankment and causing head and neck injury.  Vice was taken to the hospital, where he was examined and released.  The next day, he was taken into custody and charged in state court with trafficking in cocaine, a charge he indicates was dismissed 54 days later.  Vice alleges that while he was in jail, the defendants searched his home but failed to secure it, resulting in the theft of several dogs and antique guns.[1]   [R. 1 at 2-3, 5-6]

---

[1]  On December 1, 2011, Vice was indicted in this Court on several drug trafficking charges and for being a felon in possession of a firearm.  Vice agreed to plead guilty to a single count of manufacturing more than 1,000 marijuana plants in exchange for the dismissal of the other charges, and on July 26, 2012, he was sentenced to 120 months imprisonment. *United States v. Vice*, No. 5: 11-CR-152-DCR-CJS (E.D. Ky. 2011).

Vice identifies as defendants Menifee County Sheriff Rodney Coffee, Menifee County Deputy James Botts, Menifee County Deputy Barry Thacker, and Forestry Service Agent Kenneth Scarberry. *Id*. at 3-4. Vice claims that the defendants' conduct violated unspecified rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and asserts numerous claims under Kentucky law, including false arrest, false imprisonment, assault, battery, malicious prosecution, abuse of process, negligence, and gross negligence. [R. 1 at 3, 7-8]

The Court must conduct a preliminary review of Vice's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Vice's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Having thoroughly reviewed Vice's complaint, the Court must dismiss the plaintiff's constitutional claims with prejudice because he did not file suit within the time permitted by the applicable statute of limitations, and they are therefore time-barred. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. Cf. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008) (reversing dismissal upon screening of certain

claims for failure to plead exhaustion of administrative remedies, but affirming dismissal of other claims as barred by the statute of limitations); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.")

Vice's claims accrued on May 25, 2011, the day he alleges he injured his neck and back and was falsely arrested. And at the latest, any claim of false imprisonment would have accrued no later than 54 days later in July 2011 when Vice indicates the state drug trafficking charges were dropped and he was released. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because neither § 1983 or *Bivens* supplies its own statute of limitations, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Vice now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Vice alleges that he suffered his injuries in May to July 2011, and he was therefore required to file suit no later than July 2012. Because he did not file suit until May 2016, his constitutional claims are time-barred, and must be dismissed with prejudice. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

It is possible, if not likely, that all of Vice's state law claims are likewise time-barred under Ky. Rev. Stat. § 413.140(1). However, the Court does not address the question because a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has

dismissed all claims over which it has original jurisdiction ...'' 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over pendent state law claims. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Vice's claims arising under the United States Constitution, including those under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments [R. 1 at 3] are **DISMISSED WITH PREJUDICE**.

2. Vice's claims arising under Kentucky law, including false arrest, false imprisonment, assault, battery, malicious prosecution, abuse of process, negligence, and gross negligence [R. 1 at 7-8] are **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated June 1, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY